UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBIN BYRD**                                                                    **PLAINTIFF**

vs.                                                CIVIL ACTION NO. 3:20-CV-717-CRS

**THE THIRD AND OAK CORPORATION,**
**d/b/a TREYTON OAK TOWERS, et al.**                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Robin Byrd ("Byrd"), filed a complaint in Jefferson County Circuit Court against Defendants, The Third and Oak Corporation d/b/a Treyton Oak Towers ("Treyton Oak") and Baptist Homes, Inc. ("Baptist Homes"). DN 1-1. Defendants timely removed the action to our Court. DN 1.

This matter is before the Court on Byrd's motion to remand. DN 7. Defendants jointly responded to the motion. DN 12. Byrd then filed a reply. DN 13. The matter is now ripe for review.

For the reasons stated herein, Byrd's motion to remand will be granted.

**I. BACKGROUND**

Byrd was employed at Treyton Oak as a "Community Liaison." DN 1-1 at 2. While assisting George Burns ("Burns"), Treyton Oak's Director of Sales, Byrd witnessed Treyton Oak employees engage in activities she believed were illegal or unethical. DN 1-1 at 2. She subsequently informed Burns and William Wallen ("Wallen"), CEO of Baptist Homes, that "employees were directly administering prescription medications to residents without required licenses or permits" and "improperly providing and billing for Medicare Part B physical therapy." DN 1-1 at 2. She also expressed that "employees were soliciting money from residents of the

facilities to pay for their bonuses . . . ." DN 1-1 at 2. Sometime after voicing her concerns, Byrd was terminated from her employment. DN 1-1 at 2-3.

Byrd initiated this action by filing suit against Defendants in Jefferson County Circuit Court. DN 1-1. Her Complaint states three claims related to her termination. DN 1-1 at 3-4. First, she claims that she "engaged in a statutorily protected activity by voicing concerns of potential illegal actions" and that Defendants "retaliated against [her] by terminating her because she voiced these concerns." DN 1-1 at 3. Second, she claims that she was "discharged [] contrary to fundamental and well-defined public policies which are evidenced by existing laws." DN 1-1 at 3. Finally, she alleges that Defendants "discriminated against [her] in violation of KRS 344 by . . . terminating her because of her gender." DN 1-1 at 4.

Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). DN 1 at 2-3. They assert that Byrd's Complaint "asserts a federal statutory claim for retaliation under the False Claims Act." DN 1 at 2.

Byrd subsequently moved to remand this action, arguing that "[a] federal question does not appear on the face of [her] Complaint," and that Defendants cannot "transform the action into one arising under federal law" by "inject[ing] a federal cause of action into [her] well-pleaded complaint that does not exist . . . ." DN 7 at 1, 3-4.

## II. STANDARD OF REVIEW

A civil action is removable from state to federal court if the federal court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

The removing party bears the burden of showing that removal was proper, and that a federal court has original jurisdiction to hear the case. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Jurisdiction is determined according to the plaintiff's complaint at the time of removal, and subsequent events, "whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

### III. ANALYSIS

A defendant may only remove a state court action that originally could have been filed in federal court. 28 U.S.C. § 1441(a). A cause of action is generally not removable "if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Likewise, "a case may not be removed to federal court on the basis of a federal defense . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To determine whether a claim arises under federal law for purposes of federal question jurisdiction, we apply the "well-pleaded complaint" rule. This rule "generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). If a plaintiff "chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim for the purpose of removal." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Thus, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

Here, it is undisputed that Byrd's Complaint failed to expressly disclaim any federal cause of action or specifically identify that her claims in Count I or II derive from Kentucky common law. Considering this, Defendants removed the action to this Court, arguing that the False Claims Act provides the "vehicle" for Byrd's suit because her "Complaint pleads all three elements of a [False Claims Act] retaliation claim": (1) she engaged in protected activity by speaking with Burns and Wallen regarding improper billing for Medicare Part B physical therapy, (2) Defendants knew that she engaged in protected activity because she expressed her concerns about improper billing, and (3) Byrd alleged that she was terminated in retaliation for engaging in protected activity.[1] DN 12 at 3-4.

But Byrd did not couch her claims in terms of the False Claims Act. Instead, it appears that she carefully chose not to plead a federal claim for relief. Although paragraph 11 of the Complaint states that "[Byrd] voiced her concern that Defendants' employees were improperly providing and billing for Medicare Part B physical therapy, a violation of federal law," this does not establish federal question jurisdiction. The statement is nothing more than a passing reference to the False Claims Act and does not operate as the assertion of a federal claim. *See e.g., Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.,* 287 F.3d 568, 574 (6th Cir. 2002) ("mere reference to a federal statute does not establish federal jurisdiction unless a substantial, disputed question of federal law is a necessary element of a state cause of action"); *Tech. Rubber Co. v. Buckeye Egg Farm, L.P.*, No. 2:99-CV-1413, 2000 WL 782131, at *3 (S.D. Ohio June 16, 2000) (plaintiffs' allegation that defendants were "in violation of state and/or federal law" was

---

[1] The False Claims Act provides an anti-retaliation provision, protecting individuals who "pursue or investigate or otherwise contribute to a *qui tam* action, exposing fraud against the government.*" McKenzie v. BellSouth Telecommunications, Inc*., 219 F.3d 508, 513 (6th Cir. 2000). To establish a *prima facie* case under § 3730(h), a plaintiff must prove (1) she was engaged in a protected activity; (2) the employer knew that plaintiff had engaged in a protected activity; and (3) the employer must have discharged or otherwise discriminated against the employee because of the protected activity. *Id.* at 514.

4

insufficient to provide original jurisdiction for removal because the language was merely a passing reference to federal law).

Defendants' contention that the False Claims Act is the appropriate "vehicle for suit" based on the language in Counts I and II is also unpersuasive. DN 12 at 4. Kentucky common law provides a cause of action for the tort of wrongful discharge of a terminable at-will-employee when an employee is discharged for allegedly refusing to violate a Kentucky statute or discharged contrary to a Kentucky statute that prohibits the termination of employees for engaging in certain conduct. *See Grzyb v. Evans,* 700 S.W.2d 399, 401-02 (Ky. 1985); *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 733 (Ky. 1983). Since Byrd is the "master of her complaint," she has the power to decide whether to assert her claims under the False Claims Act or Kentucky common law.

Further, it is relevant that Byrd has consistently asserted her sole reliance on state law, and clarified that her cause of action does not arise under federal law. DN 7 at 5-6, 13 at 2, 5; *see also McBrearty v. Kentucky Cmty., Tech. Coll. Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, at *5 (E.D. Ky. Sept. 7, 2006) (finding plaintiff's continual reliance on state law and express repudiation that she was pursuing any cause of action under federal law persuasive in resolving whether to remand the cause of action to state court). Specifically, Byrd's motion to remand states that that she "intentionally eschewed any claim she had arising under the False Claims Act . . . ." DN 7 at 5.

To be clear, had Byrd pled a claim for relief under the False Claims Act, 31 U.S.C. § 3730(h), the action would have been removable. But she did not. *See Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989) ("removal [] is to be strictly construed, with all doubts resolved against removal"). Therefore, Defendants have

not satisfied their burden of showing that a federal claim is plainly presented on the face of Byrd's Complaint and this Court cannot say that federal law "creates" her cause of action.

## IV. CONCLUSION

For the reasons discussed herein, Byrd's motion to remand will be granted by separate order.

December 16, 2020

Charles R. Simpson III, Senior Judge
United States District Court